FILED

Cynthia L. Brown
17841 Lincoln Street
Villa Park, CA 92861

2016 OCT 26  PM 1:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DISTRICT

Case No.: SACV 16 · 01948 CJC (JCGx)

**THE BANK OF NEW YORK MELLON,
FORMERLY KNOWN AS THE BANK OF
NEW YORK AS SUCCESSOR IN INTEREST
TO JPMORGAN CHASE BANK, NA AS
TRUSTEE FOR STRUCTURED ASSET
MORTGAGE INVEST MENTS II INC., BEAR
STEARNS ALT-A TRUST 2006-2,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-2,**

                    **Plaintiff,**
            **vs.**

**CYNTHIA L. BROWN, and Does 1 through
5, inclusive,**

                    **Defendants.**

Case No.: 30-2016-00861088-CL-UD-CJC

REMOVAL FROM ORANGE COUNTY
SUPERIOR COURT

(TRIAL BY JURY DEMANDED)

## DEFENDANTS' NOTICE OF REMOVAL

PLESE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States District Court for the Central District of California.

Defendant, Cynthia L. Brown, herein gives Notice that, pursuant to 28 U.S.C. §§1443, 1446,

& 1447(b), she removed this case to the United States District Court for the Southern District of

California, on grounds that the Defendant's federally secured rights guaranteed by 42 U.S.C.

§§§1981, 1982 and 1983 the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the

*Notice of Removal of Unlawful Detainer Action, 28 U.S.C. §1332, 1441, 1443, & 1446* –1–

constitution are being directly and systematically impaired and infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of California.

This is an attempt at illegally trying to steal Defendant's property from her.

THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2, (hereinafter "New York Mellon") file a false claim against my property on June 30, 2016 case number 30-2016-00861088-CL-UD-CJC  claiming to be the owner of Defendant's property by way of a non-judicial foreclosure. (see Complaint Exhibit 1)

Defendant filed a Demurrer under duress to prevent a default from being enter against her. (see Demurrer Exhibit 2)

Plaintiff New York Mellon has filed a false claim before the state court using the blanket of the California State statutory laws that govern non-judicial foreclosures while the Federal Bankruptcy retained jurisdiction over the matter without standing to maintain the action.

Defendant is a victim of Identity theft that involves a company named PRIVATE FUNDING PARTNERS, LLC and Craig Ronald Diamond.

PRIVATE FUNDING PARTNERS, LLC and Craig Ronald Diamond was issued a Desist and Refrain Order for violation of Corporation Code section 25401by Michelle Lipton Senior Corporations Counsel of Enforcement Division for the Department of Business Oversight. (see Desist and Refrain Order paragraph 6 (c) Exhibit 3)

Craig Ronald Dimond created a false and forged Deed of Trust and Promissory Note against Defendant's property. (see Deed of Trust and Assignment of Rents Exhibit 4)

I was introduced to Craig R. Dimond by Kela Maria Homes who removed this document from my property without my permission.

Craig R. Dimond took my Deed of Trust and bundled it with New Century and rolled it over with Home Loan Mortgage Corporation Deed of Trust without my authority or knowledge.

Now New York Mellon Bank without authority stated to initiate non-judicial foreclosure proceedings an invalid Deed of Trust as stated by the "State of California Business, Consumer Services and Housing Agency Department of Business Oversight".

Defendant is a victim of Identity theft and mail fraud; title 18 USC 1341.

Defendant alleges that Plaintiff lacks standing to initiate this action and lacks standing to maintain this action.

This is a complex case that requires discovery.

## **SUBJECT MATTER JURISDICTION – DIVERSITY**

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367, 18 U.S.C. § 1964(c), and 18 U.S.C. §1341, 18 U.S.C. §514

The Court has diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) and this case is properly removed to this Court because, as more fully set forth below:

(a) the citizenship of Defendant is different from that of THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTIMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-2,

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 ; and (iii) the aggregate amount placed in controversy by the claims of plaintiffs exceeds the sum or value of $75,000

(b) Pursuant to 28 U.S.C. § 1332(a), (1) Defendant is citizen of a state of California, different from that of THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

In actions that seek transfer of title to property or that seek injunctive relief with respect to a foreclosure sale, the amount in controversy is the value of the property at issue.  See Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (in suit seeking injunctive relief enjoining sale of property, amount in controversy was satisfied where the market value of the property and the outstanding indebtedness each exceeded the jurisdictional amount).  Here, the value of Defendant's property is in the Deed of Trust and not $10, 000 dollars as Plaintiff has claimed in its complaint.

### Diversity of Citizenship

In determining whether diversity exists, the Court considers the citizenship of all properly joined parties.  28 U.S.C. § 1441(b).

This requirement is met here, as the named plaintiff  THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-2,

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 and Defendant are citizens of different states for purposes of diversity jurisdiction.

Upon the filing of plaintiffs' first Complaint in the State Court, there was diversity under 28 U.S.C. § 1332(a)(1). The Complaint identifies Defendant "as a citizen and residents of Orange County, California" for purposes of diversity of citizenship under 28 U.S.C. § 1332, Defendant is a citizen of the State of California.

THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 is a national association. National associations are deemed "citizens of the States in which they are respectively located," 28 U.S.C. § 1348. The United States Supreme Court has held that this language means that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).

THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2's main office is located at 225 Liberty Street, New York, NY 10281 as set forth in its articles of association. See FDIC wed link:

https://www5.fdic.gov/idasp/confirmation_outside.asp?inCert1=639

Listing **NEW YORK MELLON NATIONAL ASSOCIATION**'s address as 225 Liberty Street, New York, NY 10281.

For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), **NEW YORK MELLON NATIONAL ASSOCIATION** is a citizen of a state other than the State of California.

**NEW YORK MELLON NATIONAL ASSOCIATION** is a commercial bank, national (federal) charter and Fed member, supervised by the Office of the Comptroller of the Currency (OCC).

Upon information and belief, plaintiffs are citizens of the State of other that the State of California for purposes of diversity jurisdiction. Defendant is a citizen of the State of California for purposes of diversity jurisdiction. Accordingly, diversity is established under both 28 U.S.C. § 1332(a)(1).

**NEW YORK MELLON** was formed pursuant to the provisions of the NATIONAL CURRENCY ACT later called "NATIONAL BANK ACT" and codified into **Title 12 section 38**. **NEW YORK MELLON NATIONAL ASSOCIATION** activities are in direct violation of its own charter and section 8 of the **NATIONAL CURRENCY or BANK ACT of June 3, 1864 Chapter CVI, 13 Statutes 99**, as amended and particularly **section 27** of said act which states in part:

"And be it further enacted, That it shall be unlawful for any officer acting under the provisions of this act to countersign or deliver to any association, or to any other company or person, any circulating notes contemplated by this act, except as hereinbefore provided, and in accordance with the true intent and meaning of this act. And any officer who shall violate the provisions of this section shall be deemed guilty of a high misdemeanor, and on conviction thereof shall be punished by fine not to exceeding double the amount so countersigned and

delivered, and imprisonment not less than one year and not exceeding fifteen years, at the discretion of the court in which she shall be tried."

**SEC. 28 And be it further enacted, That it shall be unlawful for any such association to purchase, hold, and convey real estate as follows:**

Fourth. Such as it shall purchase at sales under judgments, decrees, or mortgages held by such association, or shall purchase to secure debts due to said association. "Such associations shall not purchase or hold real estate in any other case or for any other purpose than as specified in this section. Nor shall it hold possession of any real estate under mortgage, or hold title and possession of any real estate purchased to secure any debts due it for a longer period than five years."

SEC. 35 "And be it further enacted, That no association shall make any loan of discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless such shares shall be necessary to prevent loss upon a debt previously contracted in good faith; and stock so purchased or acquired shall, within six months from the time of its purchase, be sold or disposed of at public or private sale, in default of which a receiver may be appointed to close up the business of the association, according to the provisions of this act."

SEC. 37 And be further enacted, That no association shall, either directly or indirectly, pledge or hypothecate any of its notes of circulation, for the purpose of procuring money to be paid in or on its capital stock, or to be used in its banking operations, or otherwise; nor shall any association use its circulating notes, or any part thereof, in any manner or form, to create or increase its capital stock."

Sec. 39 And be it further enacted, That no association shall at any time pay out on loans or discounts, or in purchasing drafts or bills of exchange, or in payment of deposits, or in any

other mode pay out or put in circulation the notes of any bank or banking association which shall not, at any such time, be receivable, at par, on deposit and in payment of debts by the association so paying out or circulating such notes; nor shall it knowingly pay out or put in circulation any notes issued by any bank or banking association which at the time of such paying out or putting in circulation is not redeeming its circulating notes in lawful money of the United States."

## CONSTITUTIONAL VIOLATION OF DUE PROCESS OF RIGHTS

The Orange Superior Court is a privately owned Corporation that has hired Public Officials that consistently violate the people's rights to due process guarantee under the United States Constitution.

"Law of the land," "due process of law," and "due course of law" are synonymous. People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi, 71, R.I. 284, 2d 323, 326; Direct Plumbing Supply Company v. City of Dayton, 138 Ohio St. 540, 38 N.E. 2d 70, 72, 137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531. 89. The term "due process of law," as sued in the federal constitution, has been repeatedly declared to be the exact equivalent of the phrase "law of the land" as sued in the Magna Charta. 16 Am. Jur. 2d 547; 90. Due course of law: This phrase is synonymous with "Due Process of Law" or "Law of the Land" and means law in its regular course of administration through courts of justice. Kansas Pac. RY. CO. V Dunmeyer 19 KAN 542.

The Orange County Courts have removed all court reporters from the Unlawful Detainer room. The Courts are fully aware that whatever is raised or objected to cannot be heard or ruled on in the Appellate courts, because it is hearsay.

The people are being systematically denied their Due Process Rights

Pursuant to 28 U.S.C. 1332(a), there is a sufficient amount in controversy as it is far "more likely that not" that the amount in controversy exceeds $75,000. (See Sanchez v. Monumental Life Ins. Co. (9th Cir. 1996) 102 F.3d 398, 404.

## SUMMARY

**New York Mellon** allegedly purchased the property at a Trustee's Sale being the highest bidder at $684,100.30, in lawful money of the United States. This is a blatant lie and the state courts will not let us challenge this.

This is also a blatant contradiction of the Unlawful Detainer caption that states that the amount demanded does not exceed $10,000.00.

Plaintiff brought the Unlawful Detainer in bad faith utilizing the statutory laws that govern a non judicial foreclosure to steal the home.

Plaintiff **NEW YORK MELLON is a Trustee for a REMIC TRUST and is in violation of New York trust law.**

**NEW YORK MELLON  is the Trustee for the REMIC Trust and is attempting to violate the New York and Tax laws to steal Defendant home.**

**All the assignments and Transfers were done without authority, because the Deed of Trust that was created against Defendant's property is VOID.**

In *California Golf*, the court noted that —California courts have repeatedly allowed parties to pursue additional remedies for misconduct arising out of a non-judicial foreclosure sale when not inconsistent with the policies behind the statutes.‖ (*Id. at p. 1070.*) The Court in Wutzke v. Bill Reid Painting Service, Inc. (1984) 151 Cal.App.3d  36, 43 [198 Cal.Rptr. 418] at head note 3held:) " [3] When a deed is void ab initio, it "constitutes a nullity; as such it cannot provide the basis for a superior title as against the original {Page 49 Cal.App.4[th] 585} grantor. [Citations.] "'A void deed passes no title and cannot be made the foundation of a good title even under the equitable doctrine of bona fide purchase.' " ( Erickson v. Bohne (1955) 130 Cal.App.2d 553, 557 [279 P.2d 619], quoting 26 C.J.S. at pp. 307-308.)

In the recent 2012 case of La Jolla Group II v. Bruce (2012) 211 Cal.App.4th 461 the Court held at head note 11 on page 478:

"[11] ".... "Although the law protects innocent purchasers and encumbrancers, 'that protection extends only to those who obtained good {Page 211 Cal.App.4th 478} legal title. [Citations.] ... [A] forged document is void ab initio and constitutes a nullity; as such it cannot provide the basis for a superior title as against the original grantor.' [Citations.]" (Id. at pp. 379-380.) A forgery includes "'a false making of a writing'" that "'falsely purports to be the writing of another.'"

**Defendant's Deed of Trust With Assignment of Rents that was created by Craig R. Dimond in December 2, 2005 is a false forged document.**

**This Document was created and stolen from Defendant Property and recorded without her knowledge or authority.**

**The Department of Business Oversight discovered that Craig Ronal Dimond was creating false and forged Deed of Trust.**

**The Department of Business Oversight contacted Defendant and expressed that Defendant was a victim as well.**

The District court has an obligation to protect the rights of the People and Defendant is one of the People an American citizen and asks this court to protect her from the wrong doings of **NEW YORK MELLON NATIONAL ASSOCIATION, THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NA AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTIMENTS II INC., BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH** CERTIFICATES, SERIES 2006-2 and its attorneys.

The Defendant seeks a temporary restraining order and preliminary and permanent injunctions prohibiting future such conduct, as well as other emergency relief, and that the Plaintiff's disgorge their ill-gotten gains and pay civil penalties.

## THE FRAUDULENT SCHEME

Plaintiff and Plaintiff's Attorneys have used the statutory laws that govern a non-judicial foreclosure to commit a crime against Defendant.

Defendant, also alleges that she is being denied and cannot enforce her rights of equal protection of the discriminatory laws of the State of California, which facially and as applied by the California Superior Courts of Limited Jurisdiction has now file this notice of removal pursuant to 28 U.S.C. §§1331, 1441, 1443 and 1446.

Defendant alleges that Plaintiff's attorney and other entities that will be disclosed at trial constructively conspired to defraud Defendant of her right to possession of the property.

Plaintiff's attorneys each of them, have committed these acts stated in this case; engaging in patterns of unlawful activity without disclosing this to Defendant.

**Defendant confirms that she is an innocent victim being stripped of her rights in the state courts.**

The requirements of 28 U.S.C. §1331, 1441, and 1446 for removal have all been met and this Court should take note and sustain this Notice of Removal.

28 U.S.C. §1443(1) is designed to permit removal by disadvantaged defendants from those in power who would oppress them for membership in or adherence to beliefs making them part of a "discrete insular, politically powerless minority". Defendant perspective of the state judicial and general legal environment created by a state legislatures is, uniquely empowered and by this statute protected as an avenue by which to assert and actually "defend" Constitutional rights which are systematically trampled in state courts, such as but not limited to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases following an alleged non-judicial foreclosures.

Accordingly 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making such analyses and comparisons have plainly erred in confusing the two forms of removal in their prior opinions, even in relationship to the present Defendants' removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, ***McCullough v. Ligon***, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); ***Neal v. Wilson***, **112 F.3d 351, 355 (8th Cir. 1997).**

**Unlike the Defendant in *Neal v. Wilson***, Defendant Cynthia L. Brown can and will at trial "show[] that Plaintiff used the Non Judicial state law preventing her from raising her federal claims in state court, [and] further [she] has [] shown the basis for an "equally firm prediction" that [she] will be unable to protect her federal rights in state court." 112 F.3d at 855.

WHEREFORE AND ACCORDINGLY, Defendant Cynthia L. Brown hereby files this Notice of Removal pursuant to 28 U.S.C. §§1331, 1441, 1443 and 1446,

This Notice of Removal is timely in that the events of discovery, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)).

The California Superior Courts completely ignore the civil rules of Procedure, Civil rules of Evidence and the Real Party In Interest rule.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. §2283 as follows:

Defendant Cynthia L. Brown particularly urges this Court to consider a comprehensive re-evaluation of the Civil Rights Injunction doctrine in ***Dombrowski v. Pfister***, ***Younger v. Harris***, and ***Mitchum v. Foster***, alongside the Civil Rights Removal doctrine articulated in ***Greenwood v. Peacock*** and ***Rachel v. Georgia***, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the anti-injunction act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

For all the above-and-foregoing reasons, removal of this action from Superior Court in and for SANTA ANA County, California, to the United States District Court for the Central District of California, (SANTA ANA County) Division, is proper pursuant to all relevant statutes and law.

Respectfully submitted,

Wednesday, October 26, 2016

By: _C. Brown_____

Cynthia L. Brown,
***In propia persona***

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I the undersigned Defendant do hereby certify that I filed an original signed copy of the above-and-foregoing Notice of Civil Rights Removal with the SANTA ANA County Superior Court Clerk for the State of California and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:

**Clerk of Court
Superior Court of California, Orange County
CENTRAL JUSTICE CENTER
700 CIVIC CENTER DRIVE WEST
SANTA ANA, CA 92701**

**And**

**Leslie M. Klott
30 Corporate Park, Ste 450
Irvine, CA 92606
(714) 848-7920**

Respectfully Signed and Submitted,

Wednesday, October 26, 2016

By: _____
Cynthia L. Brown,
*in propia persona*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

## FIRST UNLAWFUL DETAINER

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Mike Aleali, Esq. #285874
Leslie M. Klott, Esq. #279622
Zieve, Brodnax & Steele, LLP
30 Corporate Park, Suite 450
Irvine, CA 92606
TELEPHONE NO.: (714) 848-7920 FAX NO.: (714) 908-7836
ATTORNEY FOR (Name): THE BANK OF NEW YORK MELLON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME: THE BANK OF NEW YORK MELLON vs. CYNTHIA L BROWN, and Does 1 through 5, inclusive

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
**06/30/2016** at 12:37:12 PM
Clerk of the Superior Court
By Justin Mills,Deputy Clerk

## CIVIL CASE COVER SHEET

☐ Unlimited (Amount demanded exceeds $25,000)
☒ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 30-2016-00861086-CL-UD-CJC
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: Two: Possession of Premises and Damages
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/29/2016
~~Mike Aleali, Esq. #285874~~
Leslie M. Klott, Esq. #279622
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
    Case Matter
  Writ—Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

SUM-130

# SUMMONS
## *(CITACION JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CYNTHIA L BROWN, and Does 1 through 5, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE BANK OF NEW YORK MELLON... SEE ATTACHMENT

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**06/30/2016** at 12:37:12 PM
Clerk of the Superior Court
By Justin Mills ,Deputy Clerk

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
700 CIVIC CENTER DRIVE WEST, SANTA ANA, CA 92701
CENTRAL JUSTICE CENTER

**CASE NUMBER:**
*(Número del caso):*
30-2016-00861086-CL-UD-CJC

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mike Alesli, Esq. (CA Bar #283874)                                      (714) 848-7920
Leslie M. Klott, Esq. (CA Bar #279622)                                  (714) 908-7836
Zieve, Brodnax & Steele, LLP
30 Corporate Park, Suite 450, Irvine, CA 92606

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: 06/30/2016          ALAN CARLSON, Clerk of the Court          Clerk, by *Justin Mills* , Deputy
*(Fecha)*                                                          *(Secretario)*                    Justin Mills   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

4. **NOTICE TO THE PERSON SERVED:** You are served

a. [ ] as an individual defendant.
b. [ ] as the person sued under the fictitious name of *(specify):*
c. [ ] as an occupant
d. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] CCP 415.46 (occupant)                   [ ] other *(specify):*

5. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Page 1 of 2

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

SUM-130

| PLAINTIFF *(Name):* THE BANK OF NEW YORK MELLON 2 | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* CYNTHIA L BROWN, and Does 1 through 5, inclusive, | |

6.  Unlawful detainer assistant *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

a.  Assistant's name:

b.  Telephone no.:

c.  Street address, city, and zip:

d.  County of registration:

e.  Registration no.:

f.  Registration expires on *(date):*

SUM-200(A)

| SHORT TITLE:  THE BANK OF NEW YORK MELLON vs. BROWN | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

... FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

```
 1  Mike Aleali, Esq. (CA Bar #285874)
 2  Leslie M. Klott, Esq. (CA Bar #279622)
    ZIEVE, BRODNAX & STEELE, LLP
 3  30 Corporate Park, Suite 450
    Irvine, CA 92606
 4  Phone: (714) 848-7920
    Fax: (714) 908-7836
 5
    Attorney for Plaintiff
 6
 7
 8
```

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**06/30/2016** at 12:37:12 PM
Clerk of the Superior Court
By Justin Mills,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 <br><br> Plaintiff, <br><br> vs. <br><br> CYNTHIA L BROWN, and Does 1 through 5, inclusive, <br><br> Defendants. | Case No.: 30-2016-00861086-CL-UD-CJC <br><br> VERIFIED COMPLAINT FOR UNLAWFUL DETAINER (residential) <br><br> (demand for complaint is less than $10,000.00) <br><br> ACTION BASED ON CODE OF CIVIL PROCEDURE SECTION 1161a |

Plaintiff alleges:

1. Plaintiff THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 ("Plaintiff") is an entity qualified to commence this action.

2. Plaintiff is the owner of the real property located at 17841 Lincoln St, Villa Park, CA 92861, ("Premises") and is entitled to possession thereof.

3. On or about 11/02/2015 Plaintiff became the owner of the Premises by purchasing it at a trustee's sale held in compliance with California Civil Code § 2924. The title on the Premises pursuant to the foreclosure sale has been duly perfected in Plaintiff's name. A true and correct copy of the Trustee's Deed Upon Sale is attached hereto and incorporated herein as Exhibit "A".

<div align="center">COMPLAINT</div>

the foreclosure sale has been duly perfected in Plaintiff's name. A true and correct copy of the Trustee's Deed Upon Sale is attached hereto and incorporated herein as Exhibit "A".

4. Each Defendant named above is a natural person. The true names and capacities of Defendants sued as Does are unknown to Plaintiff. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named Defendant is responsible in some manner for the actions or inactions alleged in this Complaint and/or claim some right to possession of the real property described above. Plaintiff will either amend this Complaint to set forth the identity and capacity of each DOE Defendant when ascertained or will conform this Complaint to proof at trial.

5. Defendants have occupied the Premises since the foreclosure sale without the consent of Plaintiff. Defendants' title to and/or right to possess the Premises was extinguished by the foreclosure sale.

6. On or about 06/22/2016 Plaintiff served a (1) written notice on Defendants to quit and deliver up possession of the Premises within three (3) days after service of the notice if they are a former owner of the Premises and a (2) written notice to renters pursuant to California Code of Civil Procedure §1161c. Said notice(s) is/are hereinafter collectively referred to as the "Notice to Quit". True and correct copies of the Notice to Quit and proofs of service thereof are attached hereto and incorporated herein together as Exhibit "B".

7. More than three (3) days have elapsed since the service of the Notice to Quit without Defendants quitting and delivering up possession of the Premises

8. Plaintiff is entitled to damages in the sum of $60.00 per day from the expiration of the Notice to Quit for the reasonable value of the use and occupancy of the Premises.

9. By this lawsuit, Plaintiff seeks immediate possession of the Premises.

10. After diligent search it appears Defendants are not on active military duty. Attached hereto as Exhibit "C" is a true and correct copy of the Affidavit of Military Status.

//

//

//

//

//

COMPLAINT

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1)   For restitution of the Premises;

(2)   For damages in the amount of $60.00 for each day Defendants occupy the Premises from the expiration of the Notice to Quit through entry of judgment;

(3)   For costs of suit;

(4)   For such other relief as the Court deems proper.

Dated: 06/29/2016

ZIEVE, BRODNAX & STEELE, LLP
BY:   Mike Aleali, Esq.
Leslie M. Klott, Esq.
Counsel for THE BANK OF NEW YORK
MELLON, FORMERLY KNOWN AS THE
BANK OF NEW YORK AS SUCCESSOR
IN INTEREST TO JPMORGAN CHASE
BANK, N.A. AS TRUSTEE FOR
STRUCTURED ASSET MORTGAGE
INVESTMENTS II INC. BEAR STEARNS
ALT-A TRUST 2006-2, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-2

**COMPLAINT**

1

<u>VERIFICATION</u>

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4

I am one of the attorneys for THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK

5

OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR

6

STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2,

7

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 ("Plaintiff"), plaintiff in this action. Plaintiff is

8

absent from the county of Orange, California, in which my office is located and I make this verification for and

9

on behalf of Plaintiff for that reason. I have read the pleading and I am informed and believe the matters

10

contained herein are true and on that ground allege the matters stated are true.

11

Executed on June 29, 2016, at Irvine, California.

12

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

13

correct.

14

15

~~Mike Ateati, Esq.~~

16

Leslie M. Klott, Esq.

17

Signature

18

19

20

21

22

23

24

25

26

27

28

**"EXHIBIT A"**

Recording requested by:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

When Recorded Mail to and Mail Tax Statement to:
THE BANK OF NEW YORK MELLON, .et al
c/o AMERICA'S SERVICING COMPANY
3476 STATEVIEW BLVD.
FORT MILL, SC 29715

APN #: 378-111-01
Property Address:
17841 LINCOLN STREET
VILLA PARK, CALIFORNIA 92861

TDUS20080134008656

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

12.00

* S R 0 0 0 8 0 6 9 0 2 4 S *
2016000003031 4:02 pm 01/05/16
47 406 T09 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Space above this line for Recorder's use only

Trustee Sale No. : 20080134008656                Title Order No.:

# TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:
1) The Grantee herein WAS the foreclosing beneficiary
2) The amount of the unpaid debt together with cost was          $1,244,861.12
3) The amount paid by the grantee at the trustee sale was        $684,300.30
4) The documentary transfer tax is                               0.00
5) Said property is in the city of  VILLA PARK

NDEx West, L.L.C., as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to:

THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of Orange, State of California, described as follows:

LOT 99 OF TRACT NO. 6739, IN THE CITY OF VILLA PARK, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 254, PAGES 24 THRU 27 IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

   APN: 378-111-01

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated  12/13/2005 and executed by  CYNTHIA L BROWN Trustor(s), and  Recorded on 12/20/2005 as Instrument No. 2005001016111  of official records of Orange County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

## MAIL TAX STATEMENTS AS DIRECTED ABOVE

FCUS_TrusteeDeedUponSale.rps- (10/17/2011) / Ver-26                                                                Page 1 of 2

Trustee Sale No. : 20080134008656          Title Order No.:

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 11/02/2015. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being 684,100.30 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the Time of said Trustee's Sale.

DATED: 01/04/2016

NDEx West, L.L.C., as Trustee

Jesus Angulo
Operations Manager

1/4/2016
DATED

State of       TEXAS       }
County of    DALLAS     }

On _____1/4/2016_____ before me, _____BRUCE A. COCKLIN_____ Notary Public, personally appeared _____Jesus Angulo_____ who is known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____ (Seal)

My commission expires: ___04 - 01 - 2018___

BRUCE A. COCKLIN
ID # 7383084
Notary Public, State of Texas
My Commission Expires
04/01/2018

"This instrument is being recorded as an
ACCOMMODATION ONLY, with no
Representation as to its effect upon title"

**"EXHIBIT B"**

## NOTICE TO QUIT

TO:        CYNTHIA L BROWN AND ALL UNKNOWN OCCUPANTS

ADDRESS:     17841 Lincoln St, Villa Park, CA 92861
                (referred to below as the "above-described real property")

The above-described real property was sold in accordance with California Civil Code §2924, under a Power of Sale contained in a Deed of Trust securing said real property, and title under the foreclosure sale has been duly perfected by virtue of the Power of Sale in the Deed of Trust.

If you are a former owner of the above-described real property, or any person who is not a legitimate tenant or subtenant, within three (3) days after service of this notice, you are hereby required to quit and deliver possession of the above-described real property now held and occupied by you. This Notice to Quit specifically terminates any possessory interest you may have in the above-described real property. This Three (3) Day Notice to Quit is served upon you pursuant to California Code of Civil Procedure §1161a for the purpose of terminating occupancy of the above-described real property; or

If you are a tenant or a subtenant of the above-described real property you must vacate the above described real property within a maximum of ninety (90) days or the term of your lease, whichever is longer, after service of this Notice to Quit. If you believe you occupy the residence as a tenant or subtenant in possession please provide a copy of (1) your rental or lease agreement; (2) a utility bill; (3) recent rental receipts; (4) information on whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (5) a return phone number and the best time you can be reached; and (6) information on whether or not you are the child, spouse, or parent of the former owner of the property. If you occupy the property and you do not have a written rental or lease agreement please contact the below immediately to discuss. Please deliver the above documentation to our office within 48 hours of receipt of this notice. This ninety (90) Day Notice to Quit is served upon you pursuant to California Code of Civil Procedure §1161b. Therefore, you must vacate the above described real property no later than ninety (90) days after service of this Notice to Quit.

If within the applicable period as set forth above, you either fail to surrender possession OR you fail to provide evidence that you are a tenant pursuant to California Code of Civil Procedure §1161b, we will commence eviction proceedings against you to recover possession of the real property and for damages caused by your unlawful detention of the real property. UNLESS CONTACT IS MADE AND ACCEPTABLE EVIDENCE TO SHOW A LEGITIMATE TENANCY IS PRODUCED WITHIN THREE (3) DAYS OF THE SERVICE OF THIS NOTICE, THE EVICTION ACTION WILL BE COMMENCED AGAINST THE ABOVE NAMED OCCUPANTS BASED ON THE THREE (3) DAY PORTION OF THIS NOTICE.

This communication is for the purpose of collection a debt, and any information obtained from the occupant(s) will be used for that purpose. This notice is required by the provision of the Fair Debt Collections Practice Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the Bankruptcy Laws of the United States.

If you are an active duty servicemember of the United States Armed Forces (Army, Navy, Air Force, Marine Corps, and Coast Guard), a reserve member of the Armed Forces while on active Federal duty, a member of the National Guard or Air National Guard in military service as defined under 50 U.S.C. § 3911(2)(A)(ii), an inductee serving with the Armed Forces, or the commissioned corps of the Public Health Service or the National Oceanic and Atmospheric Administration (NOAA), or a spouse or dependent of an active duty servicemember, you may be entitled to rights and protections as provided in the Servicemembers Civil Relief Act of 2003 (SCRA) (50 U.S.C. §3901 et seq .), including protection from eviction (50 U.S.C. § 3951(a)). In such case, you or your attorney should contact this law firm immediately and provide proof of active military service so that this firm can determine whether you fall under the protections of SCRA. Please contact the Eviction Department at (714) 794-1741.

NOTE:          IF YOU ARE NOT NAMED ABOVE, CONTACT THE UNDERSIGNED WITHIN 48
               HOURS AT (714) 794-1741. SE HABLA ESPAÑOL.


Dated:  June 20, 2016                    ZIEVE, BRODNAX & STEELE, LLP

                                         Mike Aleali, Esq. (CA Bar #285874)
                                         Leslie M. Klott, Esq. (CA Bar #279622)
16002939                                 Attorney for THE BANK OF NEW YORK MELLON,
                                         FORMERLY KNOWN AS THE BANK OF NEW
                                         YORK AS SUCCESSOR IN INTEREST TO
                                         JPMORGAN CHASE BANK, N.A. AS TRUSTEE
                                         FOR STRUCTURED ASSET MORTGAGE
                                         INVESTMENTS II INC. BEAR STEARNS ALT-A
                                         TRUST 2006-2, MORTGAGE PASS-THROUGH
                                         CERTIFICATES, SERIES 2006-2
                                         ZIEVE, BRODNAX & STEELE, LLP
                                         30 Corporate Park, Suite 450
                                         Irvine, CA 92606
                                         Phone: (714) 794-1741  Fax:  (714) 908-7836

## NOTICE TO ANY RENTERS LIVING AT:

17841 Lincoln St, Villa Park, CA 92861

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

How to Get Help

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfor.ca.gov/selfhelp), or by contacting your local court or county bar association.

This Notice is served upon you pursuant to California Code of Civil Procedure §1161c.

| Attorney or Party without Attorney<br>Mike Aleali, Esq. #285874<br>Leslie M. Klott, Esq. #279622<br>ZIEVE, BRODNAX & STEELE, LLP<br>30 Corporate Park, Suite 450<br>Irvine, CA 92606<br>Telephone No: (714) 848-7920     FAX NO (714) 908-7838<br>newreferrals@zievelaw.com<br>Attorney for: Plaintiff | For Court Use Only |
|---|---|
| Ref No. or File No:<br>16002939 | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| Plaintiff: THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 | |
| Defendant: CYNTHIA L BROWN, and Does 1 through 5, inclusive | |

| PROOF OF SERVICE<br>NOTICE TO QUIT AND<br>NOTICE TO RENTERS | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the NOTICE TO QUIT AND NOTICE TO RENTERS

3. Party Served:                          Cynthia L Brown and All Unknown Occupants

4. Address where the party was served:        17841 LINCOLN ST
                                             VILLA PARK, CA 92861

5. I knocked on the door of the property located at   17841 LINCOLN ST
                                                      VILLA PARK, CA 92861          on      6/22/2016      and no one responded at my attempt to serve the attached document.

6. I Served the party:

   d. by other means On    6/22/2016    at:    3:15PM        By posting a copy for each tenant in a conspicuous place on the property therein described, being no person of age and discretion to be found of said tenant(s) at property where situated, and mailing to party in Item 3

   (2) (Home) By posting a copy for each tenant in a conspicuous place on the property therein described, being no person of age and discretion to be found of said tenant(s) at property where situated, and mailing

   (3) After due diligence and investigation I have been unable to locate the defendant or determine their place of business.

   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the document on:        6/22/2016
   from:    HUNTINGTON BEACH, CA

6. Person Who Served Papers:              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DANIEL MOLINA JR.               b. The Fee for Service was:     $150.00
   SABLES SERVCO, LLC                 c. I am: (3) registered California process server
   30 CORPORATE PARK, STE #450            (i)   Independent Contractor
   IRVINE, CA 92606                       (ii)  Registration No.: 2014309352
   (714)794-1744                          (iii) County: Los Angeles
                                          (iv)  Expiration Date: 10/17/16

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/22/2016

_____
                                              DANIEL MOLINA JR.

PROOF OF SERVICE

**"EXHIBIT C"**

| THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 V CYNTHIA L BROWN | File No. |
|---|---|

## AFFIDAVIT OF MILITARY STATUS

I, Tanner Poppitt being first duly sworn on my oath, depose and state:

1.      I am of legal age, under no legal disability and make this Affidavit based upon my personal knowledge of facts.

2.      I am a Legal Assistant with the Zieve, Brodnax & Steele, LLP whose principal place of business is located at 30 Corporate Park, Suite 450, Irvine, CA 92606.

3.      The purpose of this Affidavit is to verify compliance and due diligence with regard to the Servicemember's Civil Relief Act ("SCRA").

4.      On 06/29/2016, I performed a Department of Defense/Defense of Manpower Data Center ("DOD/DMDC") verification for the Defendant(s), CYNTHIA L BROWN named in this action.

5.      The search results indicate that CYNTHIA L BROWN is not active duty military. Further CYNTHIA L BROWN has not been notified of a future call up to active duty as of the date of this search. A true and correct copy of the search results are attached hereto as Exhibit "A."

6.      Additionally, I am unable to determine the military status of any unnamed or unknown occupants as I do not have sufficient information to determine their military status.

        AFFIANT FURTHER SAYETH NOT.

By: 06/29/2016

        ZIEVE, BRODNAX & STEELE, LLP

        Tanner Poppitt, Legal Assistant

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of California
County of Orange

On 6-29-16 before me, U. Develesco Notary Public personally appeared, Tanner Poppitt who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

J. DEVELASCO
Notary Public - California
Orange County
Commission # 2147185
My Comm. Expires Mar 21, 2020

Department of Defense Manpower Data Center

Results as of : Jun-29-2016 11:48:22 AM

SCRA 3.0



### Status Report
### Pursuant to Servicemembers Civil Relief Act

Last Name: <u>BROWN</u>
First Name: <u>CYNTHIA</u>
Middle Name:
Active Duty Status As Of: <u>Jun-29-2016</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ÿ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://kb.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?Subject=Locating Service Members or Getting a Mailing Address. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ÿ 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: O5PA8CCCZ3F9F80

**NOTICE: EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.**

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*                    TELEPHONE NO. | *FOR COURT USE ONLY* |
| ATTORNEY FOR *(Name):* | |

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: THE BANK OF NEW YORK MELLON

DEFENDANT: CYNTHIA L BROWN, and Does 1 through 5, inclusive

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |

| | |
|---|---|
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.<br>3. You still occupy the premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit No., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):* [                    ], the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee.)* I understand that I must go to the court and pay a filing fee of $ [          ] or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

**(Continued on reverse)**

| | | |
|---|---|---|
| CP10.5 [New January 1, 1991] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | Code of Civil Procedure §§ 415 46, 715 010, 715 020, 1174 25 |

| PLAINTIFF *(Name)*: THE BANK OF NEW YORK MELLON | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: CYNTHIA L BROWN, and Does 1 through 5, inclusive | |

**NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. Rental agreement. I have *(check all that apply to you)*:
   a. ☐ an oral rental agreement with the landlord.
   b. ☐ a written rental agreement with the landlord.
   c. ☐ an oral rental agreement with a person other than the landlord.
   d. ☐ a written rental agreement with a person other than the landlord.
   e. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

........................................ (TYPE OR PRINT NAME) ........................................        ▶ _____
                                                                                                                                        (SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE** if all the following are true:
   1. You are NOT named in the accompanying Summons and Complaint.
   2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed. *(The date is the court filing date on the accompanying Summons and Complaint.)*
   3. You still occupy the premises.

*(Where to file this form)*    You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)*    If you do not complete and submit this form and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT  2

## DEMURRER

27
28



Cynthia L. Brown
~~17841 Lincoln Street~~   PO BOX 4806
~~Villa Park, California 92861~~   ORANGE, CA 92863
by Special Appearance

Defendant: Specially
Appearing under Duress

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 22 2016

ALAN CARLSON, Clerk of the Court

FILED UPON DEMAND

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2. | Case No.: 8:15-15341-bk-ES<br>Case No.: **30-2016-00861086-CL-UD-CJC**<br><br>**NOTICE AND MOTION TO DEMURRER PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CYNTHIA L. BROWN** |
| Plaintiff, | Date: OCT. 27, 2016<br>Time: 1:30 PM<br>Dept.: C66 |
| vs. | |
| CYNTHIA L. BROWN , | |
| Defendants. | |

16 SEP 22 PM12:42

DROP BOX

**TO PLAINTIFF AND THE ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on October 27 , 2016 at 1:30 pm. or as soon thereafter as the matter may be heard in Dept. C66 of this Court located at **700 Civic Center Drive, Santa Ana, CA 92701**. Defendant will move and hereby does Demurrer Plaintiff's Complaint, pursuant to Code of Civil Procedure (CCP) §§ 430.10 and 446, on the grounds, (1) that Plaintiff lacks standing to bring this matter before the court, (2) this matter has already been adjudicated, (3) it fails to state a cause of action in this unlawful detainer action, (4) the

Notice and motion to Demurrer Complaint

- 1 -



Case 8:16-cv-01948-AG-JCG   Document 1   Filed 10/26/16   Page 41 of 64   Page ID #:41

1  complaint is completely based on hearsay Cal. Evid. Code §1200 and lacks authentication by a

2  Real Party In Interest. This Demurrer is based on this Notice and Motion, the attached

3  Memorandum of Points and Authorities and Declaration of Cynthia L. Brown on such matters as

4  the court must take judicial notice, on the papers and pleadings on file in this action and on such

5  argument as may be advanced at hearing on this matter.

6  Defendant files this Demurrer under duress to prevent a default from being entered against her.

7

8  Dated this 22nd day of September, 2016

9

10                                        C. Brown

11                                        Cynthia L. Brown/ Defendant
                                          Specially Appearing under Duress
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITY

## I.   DEMURRER IS PROPER IN THIS CASE BECAUSE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION

Here, Plaintiff brings a Complaint for unlawful detainer and possession that contains no good cause for the eviction or any grounds.   Plaintiff fails to plead the essential elements of this claim and fails to state any claim for relief against defendant.  Plaintiff's allegations are textbook examples of boilerplate pleadings replete with verbatim quotes from other pleadings, but lacking allegations specific to Plaintiff's situation.  As Plaintiff fails to plead its claim sufficiently and fails to state a valid claim for relief, Defendant respectfully requests that the Demurrer be sustained and Plaintiff's meritless complaint be dismissed.

## II.  THE COURT SHOULD SUSTAIN THE GENERAL DEMURRER TO THE COMPLAINT BECAUSE THE COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION

This Demurrer is brought pursuant to California Code of Civil Procedure §430.10 et. seq. which states the following in relevant part:

§430.10.  The party against whom a Complaint or cross-Complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds:

    a.  Plaintiff lacks standing to bring this action.
    b.  Plaintiff lacks standing to maintain this action.
    c.  Plaintiff can not comply with Civil Code 2924(a) (6).
    d.  Plaintiff's who filed the pleading does not have the legal capacity to sue.
    e.  Plaintiff's complaint for unlawful detainer fails to state facts sufficient to constitute a cause of action, because Plaintiff has not pled, and cannot plead the requisite elements of the non-judicial foreclosure.
    f.  The complaint is not verified by a Real Party In Interest.
    g.  The attorney has brought a false claim before this court using the Summary proceedings.
    h.  The Complaint is not in compliance with the laws that govern notice.
    i.  There is a defect or misjoinder of parties.
    j.  The pleading is uncertain.  As used in this subdivision, "uncertain" includes ambiguous and unintelligible as to who has the right to bring this suit against Defendant.

Notice and motion to Demurrer Complaint

-3-

k.  There is no evidence to support their allegation.
l.  There is no proof that a sale has taken place.
m.  There is not landlord/tenant relationship.
n.  This is an improper forum to bring this matter.

§430.30. (a) When any ground for objection to a Complaint, cross-Complaint, or answer appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a Demurrer to the pleading.
    (b) When any ground for objection to a Complaint or cross-Complaint does not appear on the face of the pleading, the objection may be taken by answer.
    (c) A party objecting to a Complaint or cross-Complaint may demur and answer at the same time.

§430.50. (a) A Demurrer to a Complaint or cross-Complaint may be taken to the whole Complaint or cross-Complaint or to any of the causes of action stated therein.(b) A demurrer to an answer may be taken to the whole answer or to any one or more of the several defenses set up in the answer.

When any ground for objection to a Complaint appears on the face thereof, the objection on that ground may be taken by a demurrer to the pleading. *See* Code Civ. Proc. §430.30(a).

The party against whom a Complaint has been filed may object, by Demurrer to the pleading, on the ground that the pleading does not state facts sufficient to constitute a cause of action. *See* Code Civ. Proc. §430.10(e).

In order to be sufficient, a Complaint must contain a statement of facts by a Real Party In Interest with firsthand knowledge, without the aid of other conjectural facts not stated, shows a complete cause of action. *See Going v. Dinwiddie* (1890) 86 Cal. 633, 637; *See Garcia v. Superior Court* (1990) 50 Cal. 3d 728, 737.

## III. ESSENTIAL FACTS HAVE NOT BEEN ALLEGED

The Complaint "provides no factual basis to support its "conclusions of facts." In ruling on a Demurrer: The Court does not, assume the truth of contentions, deductions, or conclusions of fact or law set out in any complaint (*Daar v. Yellow Cab Co.*, (1967) 67 Cal.2d 695, 713, 63 Cal. Rptr. 724, 433 P.2d 732.) (Emphasis added.)

Notice and motion to Demurrer Complaint

-4-

Plaintiff's only evidence that is clearly objected to is the Trustee's Deed Upon Sale that is fabricated to appear that a sale had taken placed.

The recitals in the Complaint and the Trustee's Deed Upon Sale are purely speculated hearsay and objected to.

The Complaint and all documents filed with it are not self authenticating and are objected to under California Evidence Code 1401(a)(b).

The purpose of a Demurrer is to test the legal sufficiency of the complaint; therefore, an appellate court employs two separate standards of review on appeal. [Citations.] First, the complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] In doing so, the court will accept as true the properly pleaded material factual allegations of the complaint, (*Hernandez v.City of Pomona* (1996) 49 Cal. App.19th 1492, 1497.) (Emphasis added.) In *AnKennethy v. Lockheed Missiles & Space Co.,* (1979) 88 Cal. App.3d 531, Division, the First District Court of Appeal stated: "Plaintiff's complaint is also uncertain."

A party may also challenge a pleading as legally uncertain where, as here, the pleading is ambiguous or unintelligible. Code of Civil Procedure Section 430.10(f). The sole issue raised by a general demurrer is whether the facts pleaded state a valid cause of action. Kerivan v. Title Ins. & Trust Co147 Cal. App. 3d 225, 229 (1983). For purposes of ruling on the demurrer, the court "assume[s] the truth of all material facts properly pleaded in the complaint, but no such credit is given to pleaded contentions or legal conclusions." Financial Corp. of America v. Wilburn, 189 Cal. App. 3d 764, 768-69 (1987). Accordingly, "[contentions, deductions or conclusions of fact or law alleged in the complaint are not considered in judging its sufficiency" against a demurrer, C&H Foods Co. v. Hartford, 163 Cal. App. 3d 1055, 1062 (1984), and must be disregarded. See Cantu v. Resolution Trust Corp. 4 Cal App. 19th 857, 881 (1992). Moreover, general pleadings are controlled by specific allegations. See e.g. Iverson Yoakum, Papiano & Hatch v. Berwald, 76 Cal. App. 19th 990, 995 (1999) (denying motion for reconsideration on demurrer). Plaintiffs Complaint fails to plead any specific facts against Defendant.

In *California Golf*, the court noted that —California courts have repeatedly allowed parties to pursue additional remedies for misconduct arising out of a non-judicial foreclosure sale when not inconsistent with the policies behind the statutes.‖ (*Id. at p. 1070.*)

*See Preciado*, 224 Cal. App. 19th Supp. at 9 (in a CCP 1161a UD, a "plaintiff must show that he acquired the property at a regularly conducted sale and thereafter "duly perfected" his title"); Aurora Loan Servs., LLC v. Brown, 2012 WL 6213737, at *7 (Cal. App. Div. Super. Ct. July 31, 2012) (linking invalid title with plaintiff's lack of standing to sue for possession); US Bank N.A. v. Espero, 2011 WL 9370474, at *4 (Cal. App. Div. Super. Ct. Dec. 27, 2011) (same).

Here Plaintiff has failed to provide any facts or evidence to state a cause of action.

Therefore the Summons and Complaint remains <u>unverified</u> by a Real Party In Interest with firsthand knowledge. The Complaint is being opposed and objected to being used as evidence or verified by a person who has no personal knowledge of the facts of the alleged sale of the property.

Wherefore Defendant objects to the complaint being entered into evidence in its entirety under California Evidence Code 1401(a)(b).

The Complaint lacks any facts to support that it has met all the elements of §2924.

The Complaint is boiler plate assumptions and conclusions with no facts to support their allegation.

A Demurrer questions the legal sufficiency of the face of the Complaint. Plaintiff's claims should be dismissed when it clearly appears that no set of facts can be proved which will entitle them to recover. (*Quake Construction Inc. v. American Airlines, Inc.*, 152 Ill. Dec. 308, 31-2 (Ill. S. Ct. 1990).

A Real Party In Interest must appear before the court, testify under oath and penalty of perjury that they have read the complaint and have firsthand personal knowledge of the matter contained in the complaint. Until then the complaint remains hearsay, lacking foundation, lacking authentication, lacking personal knowledge of the matter stated therein pursuant to the Cal. Evid. Code 1401(a)(b) is being objected to being used or entered into evidence.

Defendant moves the court to strike it from the record.

## V.     CONCLUSION

Plaintiff's <u>Complaint is fatally defective</u> because it fails to state a cause of action and it is so ambiguous and unintelligible as to be uncertain as to who has the authority or capacity to

Notice and motion to Demurrer Complaint

- 6 -

1   bring this matter before the court and whereupon Plaintiff's service on Defendant's is defective

2   on its face.  Defendant, therefore, moves and respectfully request that this Demurrer be sustained

3   without leave to amend and that the Plaintiff take nothing for its Complaint, and for such further

4   relief as the Court considers proper.

5   If Defendant's Demurrer is denied then Defendant's move the court for an evidentiary hearing to

6   establish Plaintiffs standing to bring this matter before this court.

7

8   Dated this 22nd day of September, 2016

9

10   Cynthia L. Brown/ Defendant
    Specially Appearing under Duress

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF CYNTHIA L. BROWN:

I, Cynthia L. Brown, declare and states the following:

    1.  I am erroneously named as a Defendant in the above-captioned action and live in California.

    2.  I am a victim of "Identity Theft" with an identical name in this subject matter.

    3.  I have personal knowledge of the matters stated in this Declaration, and if called as a witness, could and would testify competently as to those matters; and as to those matters stated on my own personal knowledge to be true.

    4.  I make this Declaration in support of my Motion to Demurrer the entire complaint for lack of standing to bring this action.

    5.  Plaintiff is not a resident of the State of California, and is governed in New York as indicated in the Pooling Service Agreement ("PSA"); therefore, the complaint is not filed in the proper jurisdiction and venue, and is a federal issue, not State.

    6.  Defendant states that the Plaintiff in this action is not the Real Party In Interest to bring this matter against Defendant. In addition, I have personal knowledge that the Plaintiff has submit fraud upon the court into record by attaching the Trustee's Deed Upon Sale Instrument ("TDUS") to the Plaintiff's Complaint.

    7.  This is the alleged Plaintiff's attempt to bring a false claim with this court using the disguise that falls under the jurisdiction of a summary proceeding.

    8.  Plaintiff is acting in the capacity of a Debt Collector that is attempting to collect on a false and forged debt that does not exist, and is in violation of the Fair Debt Collection Act §1692 and has exhibited willful disregard of Department of Business Oversight Administrative **Desist and Refrain Order ("Order")**.

    9.  Plaintiff's waived their right to bring a complaint against defendant on May 29, 2015 by failing to file a complaint within 20 days after receipt of a **"Rescission was Executed"** pursuant to §1635 (f) - Supreme Court of the *United States, Jesinoski et ux. V. Countrywide Home Loans Inc., et al.* Plaintiff did not file their complaint; therefore, their claim is void.

    10. Plaintiff relies on forged Promissory Notes ("Notes"), Deeds of Trust ("DOT") and a forge Trustee's Deed Upon Sale ("TDUS") filed in Records, in the Orange County Recorders

Notice and motion to Demurrer Complaint

-8-

Office that violate Orders from Department of Business Oversight ("DBO") findings that are finalized and prevent use of forged material.

11. Defendant believes and alleges with certainty that the attorney's are bringing a false claim without any authority from a natural or real party of interest.

12. As stated in the Demurrer, Plaintiff fails to meet its burden of proof that it duly perfected title. Defendant states with a preponderance of evidence that Plaintiff cannot support its claim with valid evidence that can be authenticated or admitted as evidence.

13. Plaintiffs rely on TDUS as evidence attached to the complaint and only recites hearsay evidence, which is inadmissible.

14. The attorney (ies) had over eight and a half months to bring this action, which is more than sufficient time to get someone from the Plaintiffs side to verify the allegation in the complaint.

15. On September 08, 2016 at 1:30 p.m., in Department C66, the Plaintiff's ("Real Parties of Interest") did not appear to the hearing, including but not limited to the Process Server (Shawn O'Malley PSC No. 1996) who contends he served the real CYNTHIA L. BROWN by IRS Code. The defense has the right too face her accuser for cross-examination for truth in the "Interest for Justice". Shawn O'Malley ("Malay") did not appear too give testimony on his defective service of process.

16. Defendant has pertinent video footage of Process Service handling defective summons, unverified complaint and counterfeit Trustee's Deed Upon Sale in his possession on July 14, 2016 approximately 8:15 p.m., in violation of Department of Business Oversight – Desist and Refrain Order for violations of section 25401 of the Corporate Code – dated August 7, 2013 Corporate Securities Law 1968).

17. Defendant was denied afforded protections under the American Disabilities Act at inception of the hearing. Defendant made special Requests Accommodations for a Court Reporter and Transcript for hearing on August 15, 2016 at 10:45 AM and September 02, 2016 at 3:45 PM, but was denied and given a computer aide Real Time (CART) and a unsterile headphone listening device by the American Disabilities Act Coordinator Gloria Aguirre ("ADA").

18. The ADA's alternative accommodations provided are not reasonable, and violated defendant's due process to appeal any issues without a Court Reporters Transcript. The Court

and ADA Coordinator knew or should have known the importance of protecting the case with a basic "Standard Duty of Care" but chose to participate in depriving defendants afforded protection.

19. Pursuant to CCP §430.30(a)(b)(c)(d)(e)f) a Demurrer is an objection raised to attack a complaint and entire court proceeding.

20. Defendant may move for a Demurrer on the grounds that the complaint fails to state a legally cognizable cause of action against them. (Code Civ. Proc.§4389(c)(1)(B)(ii)); (*IMO Development Corp. v. Dow Corning Corp.* (1982) 135 Cal. App. 3d 451, 185 Cal. Rptr. 341); IV. ( *Pierson v. Sharp Memorial Hospital, Inc* (1989) 216 Cal. App.3d 340, 264 Cal. Rptr. 673).

21. Defendant may move for a Demurrer when there is a dispute in a complaint related to a Bankruptcy Order in place, where there is a preponderance of evidence confirming identity theft verified by governmental agencies in connection with Covered Conduct, or sharing information or discovery arising out of or pertaining to the Covered Conduct with other governmental agencies as seen in RJN Exhibit 1, Stipulation for Entry of Order Agreement with Executive Office U.S. Trustee Program, pg. 15 Article VIII, paragraph 53 (d) (vi).

22. Plaintiff's hired a special appearance attorney who has/had no personal knowledge of the case. Plaintiffs violated well establish Federal and State laws by bring a false complaint before the court.  This is their second attempt with different attorneys using state court actions in improper jurisdiction and venue and are currently violating a Bankruptcy Order retaining jurisdiction on all issues arising under §§ 110, 329, and 362.

23. Plaintiff's Special Appearance Attorney was not/is not properly filed with the Clerk, or entered upon the minutes of the Court prior to the September 08, 2016 Hearing pursuant to California Civil Code 283, 284 and 285. Defendant raised objections.

24. Defendant has suffered from a horrifying "Identity Theft" caused by a group of hucksters who have injured her financial profile, stole her identity and credit. The issues have been properly reported to the authorities, including but not limited to Department of Business Oversight (DBO), Franchise Tax Board (FTB), Internal Revenue Service (Department of Treasury – IRS), Federal Trade Commission (FTC), Consumer Financial

Protections Bureau (CFPB), and the three major credit bureaus; all of which confirm identity theft has been verified by supported evidence.

25. Plaintiffs lack standing and lack ratification of commencement to bring any legal action against the defendant in the State or Federal Court. As the Defendant in this case, I am being harassed, intimidated, and bullied by the Plaintiff, Court and representative contending ADA Coordinator.

26. Defendant complains of Court Clerk failure to mail the MINUTE ORDER alleged to have been mail served by CERTIFICATE OF MAILING on or about September 15, 2016. Defendant has not been served the **Final Order and objects to the entire proceeding.**

27. Defendant has diligently monitored her P.O. Box 4806, Orange, CA 92863 for all addressed mail to 17841 Lincoln Street, Villa Park, CA 92861. There is no receipt of a CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE received by Court Registry of Action ("ROA") 26 that is valid and served upon the defendant as of September 22, 2016 at 9:00 a.m.

28. **Defendant reserves right to leave to amend Demurrer.**


I declare under the laws of this state and under the penalty of perjury that the foregoing is true and correct.

Dated this 22nd day of September, 2016


C. Brown

Cynthia L. Brown / Defendant
Specially Appearing under Duress


Notice and motion to Demurrer Complaint

- 11-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

## DESIST AND REFRAIN ORDER

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                     EDMUND G. BROWN JR., Governor

## DEPARTMENT OF BUSINESS OVERSIGHT
*Ensuring a Fair and Secure Financial Services Marketplace for all Californians*



**Jan Lynn Owen**
**Commissioner of Business Oversight**

IN REPLY REFER TO:
FILE NO: 963-2533

August 15, 2016

Cynthia L. Brown
17841 Lincoln Street
Villa Park, CA  92861

Re:  Request for Certified Copies and Certificate of Search re:  Private Funding Partners, LLC
and Craig Ronald Dimond

Dear Ms. Brown:

On August 12, 2016, the Department of Business Oversight received your request dated that same day, pursuant to the California Public Records Act, Government Code § 6250 et seq.  You requested a certified copy of the Desist and Refrain Order (for violations of section 25401 of the Corporations Code) and a Certificate of Search on the above-referenced.

A review of our records has revealed that the cost of the documents will be $4.90 in advance (3 pages @ $0.30 per page; $2.00 for each Certification = $4.90, see 10 C.C.R. 260.617(b).  Please make the check or money order payable to the Department of Business Oversight.

If you have any questions or concerns please do not hesitate to contact me.

Sincerely,

Jan Lynn Owen
Commissioner of Department of Business Oversight

By _____
Rebecca E. Gutierrez
Sr/Legal Analyst
Enforcement Division-Los Angeles
Becky.Gutierrez@dbo.ca.gov
213-576-7519

*1515 K Street, Suite 200*
*Sacramento, CA  95814-4052*
*(916) 445-2705*

*45 Fremont Street, Suite 1700*
*San Francisco, CA 94105*
*(415) 263-8500*

*One Sansome Street, Suite 600*
*San Francisco, CA 94104-4428*
*(415) 972-8565*

*320 West 4th Street, Suite 750*
*Los Angeles, CA 90013-2344*
*(213) 576-7500*

*300 S. Spring Street, Suite 15513*
*Los Angeles, CA 90013*
*(213) 897-2085*

*1350 Front Street, Room 2034*
*San Diego, CA 92101-3697*
*(619) 525-4233*

*7575 Metropolitan Drive, Suite 108*
*San Diego, CA 92108*
*(619) 682-7227*

**www.dbo.ca.gov • 1-866-275-2677**

**STATE OF CALIFORNIA**
**BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY**
**DEPARTMENT OF BUSINESS OVERSIGHT**



**CERTIFICATE OF SEARCH**
**(Qualification to Offer and Sell Securities)**

Reference:  **Private Funding Partners, LLC**
           **Craig Ronald Dimond**

I, Rebecca E. Gutierrez, Sr. Legal Analyst and official custodian of records for the Department of Business Oversight of the State of California ("the Department"), hereby certify that a diligent search has been made of the official databases and records of the Department up to and including the date set forth below.  I am duly authorized to search the official database and records of the Department.

As a result of this search, the Department's official records do not disclose any qualification or permit authorizing any offer or sale of securities, or any application for such, or any notice of exemption, for any of the above-referenced entity or individual.

IN WITNESS WHEREOF, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I have hereunto set my hand and affixed my official seal this **16th, day of August, 2016.**

JAN LYNN OWEN
Commissioner of Business Oversight

By _____
Rebecca E. Gutierrez
Official Custodian of Records

**STATE OF CALIFORNIA**
**BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY**
**DEPARTMENT OF BUSINESS OVERSIGHT**



**CERTIFICATE OF SEARCH**
**(Qualification to Offer and Sell Securities)**

Reference:  **Private Funding Partners, LLC**
            **Craig Ronald Dimond**

I, Rebecca E. Gutierrez, Sr. Legal Analyst and official custodian of records for the Department of Business Oversight of the State of California ("the Department"), hereby certify that a diligent search has been made of the official databases and records of the Department up to and including the date set forth below.  I am duly authorized to search the official database and records of the Department.

As a result of this search, the Department's official records do not disclose any qualification or permit authorizing any offer or sale of securities, or any application for such, or any notice of exemption, for any of the above-referenced entity or individual.

IN WITNESS WHEREOF, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I have hereunto set my hand and affixed my official seal this **16th, day of August, 2016.**

JAN LYNN OWEN
Commissioner of Business Oversight

By _____
Rebecca E. Gutierrez
Official Custodian of Records

# DEPARTMENT OF BUSINESS OVERSIGHT

## STATE OF CALIFORNIA



# CERTIFICATE

**REFERENCE:  Private Funding Partners, LLC**

**Desist and Refrain Order (For violations of section 25401 of the Corporations Code) dated August 7, 2013.**

I hereby certify that the annexed  __3__  pages is a correct copy of the original as the same is now on file and of record in my office.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 16th day of August, 2016.

JAN LYNN OWEN
Commissioner of Business Oversight

By
Rebecca E. Gutierrez
Official Custodian of Records

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

State of California - Department of Business Oversight

**STATE OF CALIFORNIA**
**BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY**
**DEPARTMENT OF BUSINESS OVERSIGHT**

TO:    Craig Ronald Dimond
        Private Funding Partners, LLC
        8502 E. Chapman Ave.
        Orange, California 92869

**DESIST AND REFRAIN ORDER**
**(For violations of section 25401 of the Corporations Code)**

The Commissioner of Business Oversight finds that:

1.      At all relevant times herein, Private Funding Partners, LLC, a California corporation, which was formed on March 14, 2005, was located at 8502 E. Chapman Ave., Orange, California 92869.

2.      At all relevant times herein, Craig Ronald Dimond ("Dimond") was the managing partner and managing director of Private Funding Partners, LLC.

3.      Beginning in or about May 2006 and continuing through at least May 2008, Dimond and Private Funding Partners, LLC offered and sold securities in the form of promissory notes in Private Funding Partners, LLC to more than seven investors totaling at least $1,000,000.00.

4.      Dimond, through Private Funding Partners, LLC, provided to investors short-term promissory notes that ostensibly were secured by deeds of trust. Those promissory notes stated that investors would receive a fixed rate of return between nine percent (9%) and nineteen percent (19%) per annum. Dimond represented to investors that their funds would go towards secured investments, including, but not limited to, bridge loans that would generate high rates of return. Furthermore, investors were told that their investments would be secured by deeds of trust. In actuality, the trust deeds were fraudulent because they were forged and, therefore, did not secure the investments that Dimond said would be safeguarded by the trust deeds.

5.      Dimond, through Private Funding Partners, LLC, would convince investors to roll-over their promissory notes upon maturity into new promissory notes. When investors chose not to

State of California - Department of Business Oversight

1   roll-over their promissory notes and asked Dimond to pay back the principal and interest amounts due

2   to them upon maturity of those notes, Dimond would send insufficiently funded checks to the

3   investors.

4         6.     In connection with the offer and sale of these securities, Dimond and Private Funding

5   Partners, LLC made material misrepresentations of facts and also omitted to state material facts

6   necessary in order to make the statements made, in the light of the circumstances under which they

7   were made, not misleading.  These misrepresentations and omissions included, but are not limited to,

8   the following:

9         a.     Investors were told that Dimond's alleged business ventures were earning as much as

10   30% in returns.

11         b.     Investors were told that Private Funding Partners, LLC was loaning money to various

12   business entities, including, but not limited to, Joneca Corporation;

13         c.     Investors were told that their investments would be secured by real estate deeds of

14   trust, when in actuality they were not because the trust deeds were forged;

15         d.     Investors were told that the investment would earn a fixed rate of return between 9%

16   and 19% per annum;

17         e.     Investors were not told that they were investing in a Ponzi scheme and that any

18   purported returns received on their investment money came from other investors' money and not

19   from any investment returns derived from Dimond's alleged business ventures; and

20         f.     Investors were not told that Dimond was using investor money for his own

21   personal use.

22         Based upon the foregoing findings, the Commissioner of Business Oversight is of the opinion

23   that the securities offered and sold by Dimond and Private Funding Partners, LLC were offered and

24   sold in this state by means of written or oral communications that included untrue statements of

25   material fact or omitted to state material facts necessary in order to make the statements made, in the

26   light of the circumstances under which they were made, not misleading, in violation of section 25401

27   of the Corporate Securities Law of 1968. Pursuant to Section 25532 of the Corporate Securities Law

28

-2-

DESIST AND REFRAIN ORDER

1    of 1968, Craig Ronald Dimond and Private Funding Partners, LLC are hereby ordered to desist and

2    refrain from offering or selling or buying or offering to buy any security in the State of California,

3    including, but not limited to, promissory notes in Private Funding Partners, LLC by means of any

4    written or oral communication which includes an untrue statement of a material fact or omits to state

5    a material fact necessary in order to make the statements made, in the light of the circumstances

6    under which they were made, not misleading.

7         This Order is necessary, in the public interest, for the protection of investors and consistent

8    with the purposes, policies, and provisions of the Corporate Securities Law of 1968.

9    Dated: August 7, 2013

10        Los Angeles, California

11                                        JAN LYNN OWEN
                                          Commissioner of Business Oversight
12

13                                        By_____

14                                        MARY ANN SMITH
                                          Deputy Commissioner
15                                        Enforcement Division

16

17

18

19

20

21

22

23

24

25

26

27

28



State of California - Department of Business Oversight

-3-
DESIST AND REFRAIN ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

## DEED OF TRUST AND ASSIGNMENT OF RENTS

RECORDING REQUESTED BY

BRUCE B. OSTERSTROM

AND WHEN RECORDED MAIL TO

NAME  Bruce B. Osterstrom

ADDRESS  BRUCE B. OSTERSTROM, APC
245 Fischer Avenue, Suite A-1

CITY &  Costa Mesa, California 92626
STATE
ZIP

Title Order No. _____  Escrow No. _____

**Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder**

18.00
2005000982878 09:23am 12/09/05
115 45 D11 A36 3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENTS OF RENTS

This DEED OF TRUST, made December 2, 2005                                between

CYNTHIA L. BROWN                                                   herein called TRUSTOR,

whose address is 17841 Lincoln Street, Villa Park, California 92861
(Number and Street)          (City)          (State)          (Zip Code)

CHICAGO TITLE COMPANY, a California Corporation, herein called TRUSTEE, and CRAIG R. DIMOND

, herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in  City of Villa
Park                     County of Orange                     , State of California described as:

The real property commonly known as 17841 Lincoln Street, Villa Park,
California 92861 and more particularly described in Exhibit "A" attached hereto
and incorporated herein by this reference.

Assessor's Parcel No. 378-111-01

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 380,000.00         with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of the Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:

(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including the cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4)  To pay:  at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

T 370 LEGAL (1-94)
D/T Long Form                                    Page 1                                    CTC-843

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder shall be mailed to him or her at his or her address hereinbefore set forth. Orange, CA

STATE OF CALIFORNIA
COUNTY OF  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  }s.s.

On _December 3, 2005_ before me,
_Jennifer Cordova, Notary Public_
a Notary Public in and for said County and State, personally appeared
_Cynthia L. Brown_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.
Signature _Jennifer Cordova_

Signature of Trustor
_Cynthia L. Brown_
CYNTHIA L. BROWN

JENNIFER CORDOVA
COMM. #1517561
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Exp. Oct. 18, 2006

T 370 LEGAL (1984)
D/T Long Form
Page 2
(This area for official notarial seal)

Document Number: 2005000982878 Page: 2 of 4

Denise Anderson          2536311935          12/07/05  03:24pm  P. 004

12/02/05  14:57 FAX 7146693947          F I D E L I T Y          ☑003

FIDELITY NATIONAL TITLE          ☑003

12/02/05  14:20 FAX 714 838 8942          FIDELITY NATIONAL TITLE

Order No. 1084831

EXHIBIT "ONE"
LEGAL DESCRIPTION

Lot 99, Tract 6738, in the City of Villa Park, County of Orange, State of California, as per map recorded
in Book 254, Pages 24-27 of Maps, in the office of the County Recorder of said County.

Page 2

Document Number: 2005000982878 Page: 3 of 4

Certified Copy of document number 20050000982878

THIS IS A CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL, AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: 10/20/2015

CERTIFICATION FEE: 4.00

COUNTY CLERK-RECORDER

*Hugh Nguyen*

ORANGE COUNTY
STATE OF CALIFORNIA